United States District Court
Southern District of Texas
**ENTERED**
July 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| **ANITA C. PEREZ,** § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 4:19-cv-00138 |
| v. § | |
| § | |
| **ANDREW SAUL, COMMISSIONER** § | |
| **OF SOCIAL SECURITY,** § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM AND ORDER

Before the Court in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 22), and Defendant's cross Motion for Summary Judgment (Document No. 18). After considering the cross motions for summary judgment, the administrative record, the written decision of the Administrative Law Judge, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the decision of the Commissioner is REMANDED.

**Introduction**:

Plaintiff Anita Celeste Perez ("Perez") brings this action pursuant to the Social Security Act ("Act") 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits (DIB) under Title II of the Act. Perez argues substantial evidence does not support the Administrative Law Judge's (ALJ) decision, and that the ALJ committed an error of law when finding Perez is

not disabled. First, Perez claims she did not knowingly nor intelligently waive her right to counsel and was prejudiced by her lack of counsel. Perez argues that the ALJ committed a legal error when determining that her carpel tunnel syndrome (CTS) was not severe. Finally, Perez argues that new and material evidence about CTS and hip injections requires remand. In response, the Commissioner refutes Perez's claims—arguing that Perez knowingly and intelligently waived her right to counsel, the ALJ did not err at step two and the evidence presented is immaterial because it is outside the disability timeframe.

**Procedural History:**

On February 25, 2016 Perez filed for Disability Insurance Benefits claiming she has been unable to work since July 29, 2015, as a result of back problems and carpel tunnel syndrome. (Tr. 47, 276-278). The Administration denied Perez's initial application and her request for reconsideration. (Tr. 151-153, 156-158). Perez then sought a hearing before an ALJ, which was granted. (Tr. 159-173). After the initial hearing date was postponed due to Hurricane Harvey, Perez appeared before the Administrative Law Judge Tom Helget, on January 25, 2018, at which Perez's claims were considered *de novo*. (Tr. 83-116). On April 19, 2018 the ALJ issued his decision that Perez was not disabled. (Tr. 44-66). Perez sought review of the ALJ's adverse decision with the Appeals Counsel. The Appeals Counsel will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 416.14706. On November 13, 2018, the Appeals Counsel denied Perez's request for review, thus the ALJ's decision became final. (Tr. 1-6). Perez has

filed a timely appeal of the ALJ's decision. 42 U.S.C. §402(g).  Both parties have filed cross motions for summary judgment. (Document Nos. 18 & 22). This appeal is ripe for ruling.

**Standard of Review of Agency's Decision**

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.§ 405(g). The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. *Id*. While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones*, 174 F.3d at 693; *Cook v. Heckler,* 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison*

*Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quoting *Hemphill v. Weinberger*, 483 F.2d 1127 (5th Cir. 1973)).

**Burden of Proof:**

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> "[s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied to work."

42 U.S.C. § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if she is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

> The Commissioner applies a five-step sequential process to decide disability status:
>
> 1. If the claimant is engaging in substantial gainful activity , a finding of "not disabled" must be made;
>
> 2. If the claimant does not have a "severe impairment" or combination of impairments, she will not be found disabled;
>
> 3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;
>
> 4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and
>
> 5. If the claimant's impairment prevents her from doing any other substantial gainful activity, taking into consideration her age, education, past work experience and residual functional capacity, she will be found disabled.

20 CFR 404.1520(a), *Anthony*, 954 F.2d at 293; see also *Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this framework, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

At step one, the ALJ found that Perez was not engaged in substantial after her date of onset (July 29, 2015). At step two, The ALJ found the following impairments to be severe: degenerative disc disease of the lumbar spine with radiculopathy, diabetes mellitus, goiter, hyperprolactinemia/ pituitary adenoma, cervicalgia, obesity, anxiety disorder, and major depressive disorder. In determining that these impairments are severe the ALJ found "that these

impairments constitute more than slight abnormalities and have had more than a minimal effect on the claimant's ability to perform basic work activities for a continuous period." (Tr. 50) (citing SSRs 85-28 and 96-3p for the standard). The ALJ further found several impairments were non-severe. The ALJ noted that although there is evidence of a history of carpel tunnel syndrome, hypertension, hyperlipidemia, gastroesophageal reflux disease (GERD), an ingrown toenail, otitis media, sinusitis and left knee pain these impairments were not severe either because they "did not satisfy the durational requirement or do not more than minimally affect the claimant's vocational functioning." (Tr. 50.)

At step three, the ALJ found that none of the impairments or a combination thereof met or medially equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 51). Before moving on to step four, the ALJ determined that Perez has the residual function capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) to the limited extent that Perez can only occasionally climb ramps and/or stairs but can never claim ladders, ropes, or scaffolds. (Tr. 53.) With this RFC, Perez can occasionally balance, stoop, crouch, kneel or crawl but Perez should never work at unprotected heights, around dangerous moving machinery, or around hazards. (Tr. 53.) Mentally, Perez is able to understand, remember, and carry out detailed, but not complex instructions. (Tr. 53.) The ALJ found that Perez can make basic decisions and concentrate for extended periods, interact with others, accept instructions and respond appropriately to changes in a routine work setting. (Tr. 53.)

In determining the RFC, the ALJ applied Perez's claims of degenerative disc disease, diabetes mellitus, goiter, hyperprolactinemia/pituitary adenoma, severe obesity, depression and anxiety, but does not discuss Perez's claims of CTS. (Tr. 54-59.)

6

At step four, the ALJ used this RFC to determine that Perez is capable of performing her past relevant work as a retail sales clerk/cashier and as a document preparer because this work does not require the work related activities precluded by Perez's RFC. (Tr. 59.) The ALJ then concluded that Perez is not disabled as defined by the Act from July 29, 2015 until April 19, 2018 because Perez could perform her past relevant work. (Tr. 59.)

**Discussion**:

Perez claims that she did not knowingly and intelligently waive her right to counsel at the January 25, 2018 hearing before the Administrative Law Judge. (Document No. 22 at 5.) As such, she claims she was prejudiced by her lack of Counsel because the ALJ did not fully develop the record and that if she had counsel, the record would have been fully developed concerning her CTS. Plaintiff's Brief at 7-8. Consequently, Perez demands remand. (Doc. 22 at 8.) The Commissioner counters that Perez did knowingly and intelligently waive her right to counsel. (Document No. 18 at 1). The Magistrate agrees.

In order to adequately waive right to counsel, the claimant must have "received adequate notice of 'the scope of that right.'" *Freeman-Park v. Barnhart*, 435 F.Supp. 2d 597 (E.D. Tex. 2006) (quoting *Gullet v. Chater*, 973 F. Supp. 614, 620 (E.D. Tex. 1997). Both written notice prior to the hearing and oral notice at the hearing is required for a claimant to knowingly and intelligently waive his/her right to counsel. *Freeman-Park*, 435 F. Supp. 2d at 601. For Social Security claimants to receive adequate notice of the scope of the right to counsel, the claimant must be notified of (1) the assistance an attorney may provide in the hearing, (2) the availability of free counsel or contingency arrangements, and (3) the statutory limitations of attorney's fees

7

to twenty-five percent of past due benefits and the required court approval of said fees. *Gullett v. Chater*, 973 F. Supp. 614, 620 (E.D. Tex. 1997).

Both Perez and the Commissioner agree these criteria are required for written notice; however, they disagree as to whether the ALJ must also orally notify the claimant of these three disclosures. (Doc 18 at 1-2, Doc. 22 at 6.) Perez relying on *Freeman-Park,* argues that these three notices must also apply to oral notification. (Doc. 22 at 6.) However, *Freeman-Park* does not require explicit oral notification of these three criteria so long as the ALJ notifies the claimant as to his/her right to counsel and the ability to postpone the hearing if claimant would like to obtain counsel. See *Freeman-Park*, 435 F. Supp. 2d at 601. Here, the ALJ advised Perez of her right to counsel multiple times and offered to postpone the hearing should Perez want to seek counsel. (Tr. 85-88.) Each time Perez said she understood her rights and wanted to proceed. (Tr. 85-88.)[1]

Written notice is not at issue because Perez received written notice of her right to representation which detailed how an attorney could assist her in a hearing, the possibility of free legal counsel or contingency arrangements and the statutory fee limit on at least three separate occasions before her hearing. (Tr. 163-64, 186-87, 227-28.) As the written notice contained these required criteria, and the ALJ orally notified Perez of her right to counsel and the ability to postpone the hearing to retain counsel, Perez knowingly and intelligently waived her right to counsel.

---

[1] Perez's counsel argued that since Perez told the ALJ she had difficulties expressing herself in English, the waiver was not intelligently and knowingly obtained. (Doc. 22 at 6). However, Perez fails to cite any precedent to support this conclusion. *See* (Doc. 22 at 6-7.) Additionally, immediately after stating "it's sometimes hard to explain it in English," Perez told the ALJ twice that she "know[s] English" and wanted to proceed. (Tr. 88.) In her first disability report, Perez claimed that she preferred Spanish but could read, write and understand English. The Field Officer noted that Perez had no issues with hearing and understanding. (Tr. 277, 279.)

8

Perez also claims that the ALJ erred at step two by not using the standard set in Stone v. Heckler, 752 F.2d. 1099 (5th Cir 1995), in assessing her CTS, and that even under the ALJ's own standard Perez's carpel tunnel syndrome should have been considered severe because she had limited use of her hands and finger dexterity due to CTS. (Doc. 22 at 9.) The Commissioner counters that the failure of the ALJ to cite *Stone* is not determinable because Perez's substantial rights were not affected by the failure to use *Stone* and remand is not warranted. (Doc. 18 at 3.) Because the ALJ adjudicated the case at step four, not step two, this err did not substantially affect Perez's rights and thus remand is not required. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *Holmes v. Astrue*, No.3:11cv2634.6, 2013 WL 638830 at *10 (N.D. Tx. 2013).

The regulations provide that at step two, the claimant bears the burden of showing that she has a severe impairment or combination of impairments that significantly limit the claimant's physical or mental ability to do basic work activities. The Fifth Circuit in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) held that this language was not in accord with the statute defining disability and opined that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." The Fifth Circuit further stated that "[u]nless the correct standard is used, the claim must be remanded to the [Commissioner] for reconsideration." *Id.* at 1106. The Fifth Circuit recently reiterated the *Stone* standard as its "binding precedent" writing: "'[a]n impairment can be considered as not severe *only* if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with an individual's ability to work, irrespective of age, education or work experience.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018)(quoting *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000)(emphasis in original).

9

Plaintiff argues that the failure to apply the *Stone* standard requires the Court to remand the matter to the Commissioner for further consideration. The Commissioner counters that any error was harmless because the ALJ's analysis did not end at step two.

Here, the ALJ made her determination at step four. Before proceeding to step four, the ALJ assessed Plaintiff's RFC. In doing so, the ALJ was required to consider the limiting effects of all other non-severe impairments. *See Cagle v. Colvin,* No. 4:12cv0296, 2013 WL 2105473, at *5-8 (S.D.Tex. May 14, 2013). Upon this record, substantial evidence does not support the ALJ's step two finding that Perez's CTS is a non-severe impairment, and the step-two error is not harmless. *See, Corbitt v. Comm'r of Soc. Sec. Admin.*, No. 3:10-10-CV-558-CWR-LRA, 2013 WL 603896, at *5-6 (S.D.Miss. Feb. 19, 2013)(remanding case where the "ALJ's decision showed] that he did not seriously consider the specific problems" that the claimant's "diabetes create[d]" either at step two or "in the remainder of the five-step evaluation process to justify a finding of harmless error").

Here, at step two, even though the ALJ states any impairments not classified as severe would be considered in determining the claimant's RFC, which should have included Perez's CTS, in the ALJ's formulation of Perez's RFC there is no mention of claimant's CTS, much less any limitations caused by it. (Tr. 51-59.) Perez was diagnosed with CTS in June 2008 and testified of numbness in her hand when using the telephone and cooking. (Tr. 100-103, 385-390.) Thus, the ALJ erred when not considering claimant's CTS in her RFC and remand is required. On remand, the ALJ should consider all evidence relating to claimant's CTS, including the May 2018 Nerve Convection Test. As this case ordered to be remanded, the Court does not consider issue three.

**Conclusion and Order:**

Based on the forgoing, the conclusion that the ALJ erred at step two and in failing to consider the limitations caused by claimant's carpel tunnel syndrome in his determination of the Residual Function Capacity, it is

ORDERED the Plaintiff's motion (Doc. 22) is GRANTED, Defendant's motion (Doc. 18) is DENIED, and the decision of the Commissioner is REMANDED to the Social Security Administration pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

Signed at Houston, Texas, this 6th day of July, 2020.

Frances H. Stacy
United States Magistrate Judge